FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA    2008 MAR 21  AM 10: 36

DUBLIN DIVISION    CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| JEAN JOSEPH DEEB, | ) |
| Petitioner, | ) |
| v. | ) CV 308-017 |
| WARDEN CCA/MCRAE CORRECTIONAL FACILITY, DIRECTOR OF FEDERAL BUREAU OF PRISONS, and ATTORNEY GENERAL OF THE UNITED STATES, | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondents, the Director of the Federal Bureau of Prisons and the Attorney General of the United States, be **DISMISSED** from this case, that "Walt Wells, Warden, McRae Correctional Facility" be **SUBSTITUTED** for "Warden CCA/McRae Correctional Facility" as Respondent, and that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.

## I. BACKGROUND

On August 20, 1988, Petitioner was arrested for violating 21 U.S.C. §§ 841, 846, and 963.[1] (Doc. no. 1, p. 1; doc. no. 4, p. 2). After a jury trial, Petitioner was convicted and sentenced 24 years' imprisonment on December 11, 1990 and March 21, 1991, respectively. (Doc. no. 1, pp. 1-2; doc. no. 4, p. 2). Petitioner contends that, under the "sentenced imposed," he is projected to be released on July 17, 2010. (Doc. no. 1, p. 2). However, Petitioner maintains that, under the Bureau of Prisons's calculation of his sentence of confinement, he is projected to be released on December 28, 2010. (Id.). Petitioner concludes, *inter alia*, that the Bureau of Prisons has improperly calculated his sentence of confinement.[2] (Id. at 8-33; doc. no. 4, pp. 2-3).

Candidly, Petitioner admits that he has not attempted to exhaust administrative remedies. (Id. at 3). Nevertheless, Petitioner submits that the exhaustion requirement of 42 U.S.C. § 1997e(a) does not apply to properly filed § 2241 petitions. (Id.). Petitioner further explains that, because the § 2241 exhaustion requirement in the Eleventh Circuit is judicially created, it may be waived for discretionary reasons. (Id.).

---

[1]Presumably, Petitioner was arrested for, *inter alia*, trafficking a controlled or counterfeit substance. See 21 U.S.C. §§ 841(a), 846 & 963.

[2]In this regard, Petitioner contends that the Bureau of Prisons published Program Statement 5100.07, interpreting "18 U.S.C. § 3624[](b)'s Good Conduct Time as 'Sentence Imposed' in the amount of 15% per year imposed," in 1989. (Doc. no. 4, p. 2). Petitioner maintains that, although Congress promulgated 28 C.F.R. § 523.20, "interpreting § 3624[](b)'s Good Conduct Time as 'Time Served'" in 1997, the Bureau of Prisons did not rescind Program Statement 5100.07 until 1999. (Id.). Petitioner submits, *inter alia*, that the Bureau of Prisons's calculation of his sentence of confinement is unconstitutional and violates the Administrative Procedure Act. (Doc. no. 1, pp. 8-33; doc. no. 4, pp. 2-3).

In this regard, "Petitioner argues that he should be excused from 'tilting at the administrative windmills[,'] because the adoption of 28 C.F.R. § 523.20 makes [it] clear that such an effort would be futile . . . ." (Id. at 4 (citations omitted)). In support of this argument, Petitioner contends that "[t]he Bureau [of Prisons] will be unlikely to grant [P]etitioner relief in contravention of its own published regulations." (Id. at 4-5). Petitioner maintains, "[T]here can be little doubt that 'requiring administrative review would be to demand a futile act' as the issue 'needs to be resolved judicially[,'] and the 'purposes of exhaustion would not be served by requiring [P]etitioner to exhaust the multitudinous [Bureau of Prisons] and [Corrections Corporation of America] complaint process." (Id. at 8 (citations omitted)). The Court resolves the matter as follows.

## II. DISCUSSION

### A. Proper Respondent

Petitioner named "Warden CCA/McRae Correctional Facility," the Director of the Federal Bureau of Prisons, and the Attorney General of the United States as Respondents in this case. However, neither the Director of the Federal Bureau of Prisons nor the Attorney General of the United States is a proper respondent because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at McRae Correctional Facility, is the proper Respondent. Therefore, the Court **REPORTS**

3

and **RECOMMENDS** that the Director of the Federal Bureau of Prisons and the Attorney General of the United States be **DISMISSED** from this case, and that "Walt Wells, Warden, McRae Correctional Facility" be **SUBSTITUTED** for "Warden CCA/McRae Correctional Facility" as Respondent.

B.   **Exhaustion of Administrative Remedies**

In all habeas cases, a prisoner must exhaust administrative remedies, or the federal court does not have jurisdiction to grant relief. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the Bureau of Prisons prior to seeking § 2241 relief in federal court); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*) (recognizing that the Bureau of Prisons has established regulations that must be followed before seeking relief in federal court and ruling that "[e]xhaustion of administrative remedies is jurisdictional"); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court. Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988).

4

> The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990). Exhaustion of administrative remedies is jurisdictional. Id.

Gonzalez, 959 F.2d at 212.

Because the exhaustion requirement in § 2241 cases is jurisdictional, "whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 Fed. Appx. 356, 358 (11th 2006). Indeed, the Eleventh Circuit has held unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court." United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991). That said, those courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller, 11 F.3d at 62.

Here, Petitioner has shown neither the existence of exceptional circumstances nor the futility of administrative review. Notably, Petitioner's belief that a favorable administrative outcome would be unlikely is insufficient to make the remedy futile. See Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it [does not], in denying relief the Bureau [of Prisons] may give a statement of its reasons that is helpful to the district court in considering the merits . . . ."). In sum, Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court. Fuller, 11 F.3d at 62.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondents, the Director of the Federal Bureau of Prisons and the Attorney General of the United States, be **DISMISSED** from this case, that "Walt Wells, Warden, McRae Correctional Facility" be **SUBSTITUTED** for "Warden CCA/McRae Correctional Facility" as Respondent, and that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.

SO REPORTED and RECOMMENDED this 21st day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE