ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 APR 22 P 2: 42
CLERK B McCarthy

| | |
|---|---|
| JEAN JOSEPH DEEB, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 308-017 |
| ) | |
| WALT WELLS, Warden, McRae ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 11).

On March 21, 2008, the Magistrate Judge recommended, *inter alia*, that the above-captioned petition be dismissed without prejudice based on Petitioner's failure to exhaust administrative remedies.[1] (Doc. no. 6). Petitioner objects to the portion of the R&R recommending dismissal of the above-captioned petition based on Petitioner's failure to exhaust administrative remedies. (Doc. no. 8, p. 1). Petitioner contends that, in the R&R, the Magistrate Judge cited nine (9) cases which held that exhaustion of administrative remedies is "jurisdictional" and that those cases predate Eberhart v. United States, 546 U.S.

---

[1] As "it appear[ed] from the application that the applicant or person detained [was] not entitled" to the relief he sought, the Magistrate Judge entered the R&R without directing the Government to respond to the above-captioned petition. 28 U.S.C. § 2243.

12 (2005) (*per curiam*) and Bowles v. Russell, 551 U.S. ___, 127 S.Ct. 2360 (2007). (Doc. no. 8, p. 2). According to Petitioner, in Eberhart and Bowles, the Supreme Court reasoned that only Congress may determine the Court's subject-matter jurisdiction, and thus, it was improper for the Court to consider exhaustion of administrative remedies as "jurisdictional" because this requirement is "judicial" and not "statutory." (See id. at 4, 7 & 8).

Petitioner further objects that, although the Eleventh Circuit still requires exhaustion of administrative remedies prior to examination of § 2241 petition, he "may still seek judicial waiver of the exhaustion requirement by demonstrating that 'requiring administrative review would be to demand a futile act['] because of a predetermination by the [Bureau of Prisons]." (Id. at 4-5 (citations omitted)). In this regard, Petitioner maintains that, because the Bureau of Prisons ("BOP") has enacted a categorical rule, 28 C.F.R. § 523.20, that has predetermined the outcome of an administrative review of the calculation of his sentence,[2] exhaustion of administrative remedies would be futile. (See doc. no. 8, pp. 2-3). Notably, Petitioner submits that, in Jones v. Zenk, 495 F. Supp. 2d 1289 (N.D. Ga. July 6, 2007), the district court determined that exhaustion of administrative remedies would be futile in a "case almost similar to the instant case," where the BOP has enacted another categorical rule.

---

[2] In pertinent part, 28 C.F.R. § 523.20 states, "For inmates serving a sentence for offenses committed on or after November 1, 1987, but before September 13, 1994, the [BOP] will award 54 days credit toward service of sentence . . . for each year served. 28 C.F.R. § 523.20(a). 18 U.S.C. § 3624 provides, "[A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment . . . ." 18 U.S.C. § 3624(b)(1). Petitioner submits in the above-captioned petition that, under the BOP's "time served" interpretation of 18 U.S.C. § 3624(b) embodied in 28 C.F.R. § 523.20, he is projected to be released on December 28, 2010, but that, under the "sentence imposed," his release date would be July 17, 2010. (See doc. no. 1, p. 2). Petitioner maintains, *inter alia*, that the BOP has improperly calculated his sentence. (See id. at 8-33; doc. no. 4, pp. 2-3).

2

(See doc. no. 8, pp. 2-3). Here, Petitioner explains that exhaustion of administrative remedies would be futile because the BOP does not have the authority to grant relief for violations of the "Ex Post Facto Clause," the Administrative Procedure Act, or the "Due Process Clause." (Id. at 5-6). Plaintiff concludes that requiring exhaustion of administrative remedies would be to demand a futile act. (Id. at 6).

Petitioner's objections are without merit. Although Petitioner correctly notes that several cases cited in the R&R pre-date Eberhart and Bowles, the facts of those cases are dissimilar from those presented in this case.[3] Furthermore, as the Magistrate Judge correctly explained, "Prisoners seeking habeas relief pursuant to § 2241 are subject to administrative exhaustion requirements." Martin v. Zenk, 244 Fed. Appx. 974, 977 (11th Cir. 2007) (*per curiam*) (citing Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004)). Therefore, although the Magistrate Judge's use of the term "jurisdictional," may have been confusing,[4] Petitioner is still subject to the Eleventh Circuit's administrative exhaustion requirements. Id.

---

[3] In Eberhart, the Supreme Court held, *inter alia*, that the rules establishing time limits for a defendant's motion for a new trial grounded on a reason other than newly discovered evidence are not "jurisdictional." Eberhart, 546 U.S. at 16. In Bowles, the Supreme Court held that the Sixth Circuit Court of Appeals lacked jurisdiction over an appeal from the district court's denial of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, where the petitioner filed an untimely notice of appeal, and that it would no longer recognize the unique circumstances exception to excuse an untimely notice of appeal. Bowles, 551 U.S. at ___, 127 S.Ct. at 2361. However, unlike the instant case, neither of those two cases involve a federal petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 or exhaustion of administrative remedies.

[4] The Court notes that in Bowles the Supreme Court explained that there are distinctions between limitations set forth in a statute, which limit a court's jurisdiction, and those based on court rules, which do not limit a court's jurisdiction. Bowles, 551 U.S. at ___, 127 S.Ct. at 2361.

3

Petitioner's objection to the portion of the R&R addressing the futility of exhaustion of administrative remedies is also without merit. Petitioner correctly notes that the court in Jones held, *inter alia*, that under certain circumstances a § 2241 petitioner may seek judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility. Jones, 495 F. Supp. 2d at 1299-1300. However, the court in Jones also noted, "[T]he question [of] whether the Eleventh Circuit considers the exhaustion requirement in § 2241 subject to judicial waiver is, at best, unsettled."[5] Id. at 1297. Nevertheless, the critical facts of this case are dissimilar from those presented in Jones, where the court determined that the petitioner sufficiently demonstrated that exhaustion of administrative remedies would be futile.[6] As the Magistrate Judge correctly explained, although a favorable administrative outcome

---

[5]"On the one hand, the Eleventh Circuit has recognized the statutory/judicial distinction given effect in [McCarthy v. Madigan, 503 U.S. 140 (1992)], indicating that exceptions to judicially-imposed exhaustion requirements remain viable. In several other cases, however, the Eleventh Circuit has indicated some doubt about whether the exhaustion requirement in § 2241 cases may be waived." Jones, 495 F. Supp. 2d at 1297-98 (internal citations and quotations omitted).

[6]In Jones, the petitioner, who challenged 28 C.F.R. § 570.21(a), also admitted that he did not attempt to exhaust administrative remedies and requested that the district court excuse his failure because adoption of 28 C.F.R. § 570.21(a) makes it clear that such an effort would be futile. Jones, 495 F. Supp. 2d at 1290, 1296-97. Ultimately, the district court excused the petitioner's failure to exhaust administrative remedies because "[the BOP] has predetermined by rulemaking the issue . . . . What is more, *the BOP has continued to enforce [that] rule in the face of its invalidation by four federal courts of appeals and various district courts in other jurisdictions.*" Id. at 1300 (emphasis added). Here, Petitioner has not argued, and it does not appear, that the BOP has enforced 28 C.F.R. §523.20 "in the face of its invalidation" by various appellate courts, let alone, the Eleventh Circuit Court of Appeals. Indeed, in a similar case, the Eleventh Circuit held, *inter alia*, "Even though [18 U.S.C. § 3624(b)(1)] is ambiguous, the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed . . . ." Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*). Therefore, not only are the critical facts of Jones dissimilar from those presented in this case, even if the Court were to excuse Petitioner's failure to exhaust administrative remedies, it does not appear that he would be entitled to the relief sought in the above-captioned petition.

4

appears unlikely, Petitioner has failed to meet the burden of establishing "extraordinary circumstances" exist that would justify exempting him from the exhaustion requirement. (Doc. no. 6, p. 5). Therefore, Petitioner's claims are not properly before the Court.

Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the Director of the Federal Bureau of Prisons and the Attorney General of the United States are **DISMISSED** from this case, "Walt Wells, Warden, McRae Correctional Facility" is **SUBSTITUTED** for "Warden CCA/McRae Correctional Facility" as Respondent, the above-captioned petition is **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies, and this civil action shall be **CLOSED**.

SO ORDERED this 22nd day of April, 2008, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

5